# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LEE REYNOLDS,<br><br>Defendant. | Case No. 1:20-cv-01249-DAD-SAB<br><br>ORDER DENYING NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S REQUEST FOR SERVICE OF PROCESS BY REGISTERED PROCESS SERVER WITHOUT PREJUDICE<br><br>(ECF No. 13) |

On June 29, 2021, National Union Fire Insurance Company of Pittsburgh, PA ("Plaintiff") filed a request for service of process by a registered process server. (ECF No. 13.) Plaintiff moves pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, Local Rules 19.2 and 19.3, and Local Rules of the Bankruptcy Court 7064-1. (Id.) Plaintiff states that they seek to have a registered process servicer serve "the writs in the above action." (Id. at 2.)

The request is stated in such general terms that it is unclear what Plaintiff seeks. It would appear that Plaintiff seeks to appoint a process server to levy execution on David Reynolds. Initially, Plaintiff cites to Local Rules 19.2 and 19.3, however there are no such rules in the Local Rules of the District Court for the Eastern District of California. Nor do the Local Rules of Practice for the United States Bankruptcy Court of the Eastern District of California contain rule 7064-1. Additionally, it is unclear why the bankruptcy rules would apply in this instance.

1

1        Plaintiff cites to Rule 4(c) which addresses the service of the summons provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). It is Rule 4.1 that applies to service of process other than a summons. Fed. R. Civ. P. 4.1(a). However, it is Rule 69(a) of the Federal Rules of Civil Procedure that addresses enforcement of money judgment and provides that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

       "Under California law, a registered process server may levy execution on property specified in California Code of Civil Procedure § 699.080(a). Dean v. S. California Edison, No. EDCV1201435MWFDTBX, 2014 WL 12709674, at *1 (C.D. Cal. July 3, 2014) (citing J & J Sports Prods., Inc. v. Esquivel, 1:08–CV–00392 LJO-GSA, 2008 WL 5099690, at *1 (E.D. Cal. Dec. 1, 2008)). "[D]istrict courts typically have required that the specific process server be identified, so that the Court can determine whether that person is in fact a registered process server." Dean, 2014 WL 12709674, at *1 (collecting cases). Although Plaintiff has identified Janney and Janney Attorney Service, they have provided no information by which the Court can determine that the process server is registered.

       Furthermore, "[t]he authority of [a] registered process server is limited ... to cases where the levy does not involve the possibility of taking immediate possession of the property." Dean, 2014 WL 12709674, at *1 (citing J & J Sports Prods., 2008 WL 5099690, at *1). It is possible that the circumstances of this case would meet this requirement, but Plaintiff has not addressed what writ is to be served, who is to be served, and the purpose of the writ. Without such information, the Court cannot determine that the appointment of the process server would be appropriate. Any future request must address the correct authority for service of the writ and clearly set forth what is sought to be served, as well as Cal. Civ. Proc. Code § 699.080.

///

///

Accordingly, IT IS HEREBY ORDERED that the request for appointment of a registered process server is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **June 30, 2021**

UNITED STATES MAGISTRATE JUDGE